UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FERNANDO TORRES MORALES,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>GUILLERMO VIERA ROSA, INTERIM CHIEF PROBATION OFFICER, LOS ANGELES COUNTY,<br><br>　　　　　Respondent. | Case No. 2:23-cv-07959-SSS (DTB)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed herein.

　　　The Report recommends denial of the Petition and dismissal of this action with prejudice, specifically, denial of Petitioner's claim that his defense counsel was ineffective for failing to advise him of the adverse immigration consequences of his

plea. (ECF No. 10.) As stated below, Petitioner's objections to the Report do not warrant a change to the Magistrate Judge's findings or recommendation.

Petitioner objects that his counsel did not provide complete and accurate advice about the immigration consequences of Petitioner's plea. (ECF No. 1 at 4-5.) Counsel testified that he told Petitioner that Petitioner "would be deported and that he would not be allowed back into the United States." (ECF No. 1-1 at 58.) But counsel also testified that he told Petitioner that Petitioner "can lose his green card." (*Id*. at 60.) According to Petitioner, the latter advice, reflecting "only a possibility that he could lose his green card," was "confusing and misleading when, as in this case, the immigration consequences (including the loss of permanent resident status) were mandatory." (ECF No. 12 at 5.) To the contrary, counsel's advice that Petitioner "can lose" -- rather than "would lose" -- his green card was not misleading. *See United States v. Armendariz*, 80 F.4th 546, 553 (5th Cir. 2023) (counsel's advice that an adverse immigration consequence was "very likely," rather than a certainty, was not deficient performance). Counsel did not make the type of "affirmative misrepresentation regarding immigration consequences" that would constitute ineffective assistance. *United States v. Kwan*, 407 F.3d 1005, 1015 (9th Cir. 2005), *abrogated on other ground by Padilla v. Kentucky*, 559 U.S. 356, 370 (2010). Rather, counsel told Petitioner he "would be deported," which clearly and accurately conveyed to Petitioner that the plea "would almost certainly cause him to be deported" and that he faced "a near-certain risk of deportation." *Kwan*, 407 F.3d at 1009, 1016. Counsel never suggested to Petitioner that deportation "was not a serious possibility." *Id.* at 1008.

Petitioner objects that his counsel did not advise Petitioner of his ineligibility for cancellation of removal. (ECF No. 12 at 6.) Because Petitioner was convicted

of an aggravated felony, he was ineligible for discretionary relief through cancellation of removal. 8 U.S.C. § 1229b(a)(3). But by advising Petitioner that he would be deported (ECF No. 1-1 at 58), counsel effectively conveyed to Petitioner that he would be ineligible for discretionary relief. Counsel therefore complied with the duty to give Petitioner advice that deportation was "virtually certain, or words to that effect." *United States v. Rodriguez*, 49 F.4th 1205, 1214 (9th Cir. 2022); *see also United States v. Ramirez-Jimenez*, 907 F.3d 1091, 1094 (8th Cir. 2018) (rejecting argument that counsel was ineffective for failing to advise the defendant that he was "ineligible for relief from removal" where counsel did advise him that deportation was likely).

Petitioner objects that his counsel only advised him of the "possibility of being detained by immigration officials," rather than the "mandatory detention consequences" of the plea. (ECF No. 12 at 6.) But Petitioner does not cite any authority or provide a persuasive argument for the proposition that his counsel was constitutionally required to advise him about mandatory immigration detention. *See United States v. Chezan*, 2014 WL 8382792, at *24 (D. Ill. Oct. 14, 2014) (rejecting argument that counsel was constitutionally required to advise client of matters aside from deportation, such as mandatory immigration detention, as a consequence of a guilty plea).

Petitioner objects that his counsel's advice about the immigration consequences of the plea was not rendered adequate merely by any similar advisements given by the prosecutor and the *Tahl* waiver form. (ECF No. 12 at 6-7.) To be sure, "[t]o assess whether counsel's performance was deficient under the first prong of *Strickland*, we look only to the advice given and not the other ways that [the defendant] could have uncovered the truth." *Rodriguez*, 49 F.4th at 1214.

3

But sources of information other than defense counsel, such as the court or the prosecutor, can be relevant to the second prong of *Strickland*, regarding the question of prejudice. *See Lee v. United States*, 582 U.S. 357, 369 n.4 (2017) ("Several courts have noted that a judge's warnings at a plea colloquy may undermine a claim that the defendant was prejudiced by his attorney's misadvice.") (citing cases). Here, as the Report reasonably found, sources of information other than defense counsel supported the conclusion that Petitioner was aware of and understood the consequences of his plea. (ECF No. 10 at 20-21.) These circumstances undermine Petitioner's argument that he was prejudiced by his counsel's allegedly erroneous advice.

Petitioner objects that his counsel failed to seek an "immigration neutral plea," even though "a reasonable alternative was available" though, for example, a guilty plea to kidnapping. (ECF No 12 at 7-8.) This objection is speculative. "A petitioner may demonstrate that there existed a reasonable probability of negotiating a better plea by identifying cases indicating a willingness by the government to permit defendants charged with the same or substantially similar crime to plead guilty to a non-removable offense." *United States v. Rodriguez-Vega*, 797 F.3d 781, 789 (9th Cir. 2015). Petitioner has not identified any such cases. Rather, as the Report found, the prosecutor "made clear that she was not willing to accept anything other than the two charges to which the petitioner pled guilty." (ECF No. 10 at 22.)

Petitioner objects that he did establish prejudice from his counsel's deficient performance. (ECF No. 12 at 8-9.) Petitioner specifically argues that, had his counsel advised him of the existence of an immigration neutral plea, he would not have been adamant about avoiding prison time for the criminal charges. (*Id.*) But nothing in the record suggests that Petitioner "placed a 'particular emphasis' on the immigration consequence of a plea in deciding whether or not to accept it."

*Rodriguez-Vega*, 797 F.3d at 789 (quoting *Kwan*, 407 F.3d at 1017-18). Rather, Petitioner "made clear that he did not want to serve prison time and wanted out of custody as soon as possible." (ECF No. 10 at 22.) Petitioner did not waver from this position even when faced with the likelihood of deportation. Thus, speculation about the existence of an immigration neutral plea fails to show a reasonable probability of a different outcome to Petitioner's criminal proceeding. Having made a <u>de</u> <u>novo</u> determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

      IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

Dated: March 13, 2024

                                            SUNSHINE S. SYKES
                                            United States District Judge